**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| SWEETWATER SOUND, INC.<br><br>Plaintiff,<br><br>vs.<br><br>HELLO MUSIC, LLC, a Texas limited liability company,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br>CASE NO.: 1:16-cv-0093<br><br><br><br>JURY TRIAL DEMANDED<br><br>INJUNCTIVE RELIEF REQUESTED |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT, TRADEMARK INFRINGEMENT, TRADEMARK DILUTION, AND UNFAIR COMPETITION**

Plaintiff, Sweetwater Sound, Inc. ("Sweetwater"), for its Complaint against Defendant, Hello Music, LLC, a Texas limited liability company ("Hello Music"), alleges and says as follows:

**PRELIMINARY STATEMENT**

1. This an action for copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*., along with associated claims under Indiana law; an action for trademark infringement under the Declaratory Judgment Act 28 U.S.C. § 2201 and the Lanham Act 15 U.S.C. § 1051 *et seq*., along with associated claims under Indiana law; and an action for unfair competition pursuant to both Indiana state law and Federal law.

2. Sweetwater seeks injunctive and monetary relief.

## PARTIES

3. Sweetwater is an Indiana corporation engaged in the business of retail sales of music instruments and professional audio equipment with its principal place of business in Fort Wayne, Indiana.

4. Hello Music is a Texas limited liability company with its principal place of business in Austin, Texas.

## JURISDICTION

5. This court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338(a) and (b), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

6. This action is one over which this Court has original jurisdiction under 28 U.S.C. § 1331 because it arises under the laws of the United States of America, specifically the provisions of the Lanham Act, The Copyright Act, and the Declaratory Judgment Act.

7. Hello Music is subject to personal jurisdiction in the State of Indiana because Hello Music conducts business, carries on a business venture, has committed tortious acts in Indiana, and maintains an interactive webpage which is accessible in Indiana.

## VENUE

8. Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district; 28 U.S.C. § 1391(b)(2), in that a substantial part of property that is the subject of

the action is situated in this district; and/or 28 U.S.C. § 1391(b)(3), in that Hello Music is subject to personal jurisdiction in this district with respect to this action.

**FACTS COMMON TO ALL CLAIMS**

9. Sweetwater uses its Sweetwater® trademarks (collectively, the "Marks") to identify itself and has developed the reputation as a good company that offers fair prices and provides excellent customer service in the business of retail sales of music instruments and professional audio equipment.

10. Sweetwater is known throughout the United State of America by the Marks.

11. The Marks are famous as defined by 15 USC § 1125.

12. Sweetwater has spent considerable amounts of money in establishing the Marks in the minds of its customers as a source of fairly priced and high quality music instruments and professional audio equipment and excellent customer service.

13. The Marks have become associated in the minds of purchasers with Sweetwater as a company where music instruments and professional audio equipment can be purchased at a fair price, with excellent quality service, and a quality product received.

14. Sweetwater's rights in the Marks date back to at least as early as 1979, when Sweetwater was founded.

15. Sweetwater obtained US Trademark Registration No. 3,652,255 for one of the Marks on July 7, 2009. A true and accurate copy of the registration is attached as Exhibit "**A**" and incorporated by reference.

16. Sweetwater obtained U.S. Trademark Registration No.: 3652249 for another of the Marks on July 7, 2009. A true and accurate copy of the registration is attached as Exhibit "**B**" and incorporated by reference.

17. A large majority of Sweetwater's retail sales occur over the Internet through Sweetwater's website, www.sweetwater.com (the "Site").

18. Sweetwater's website content, organization, graphics, design, compilation, magnetic translation, digital conversion, and other matters related to the Site are original works of authorship fixed in a tangible medium of expression.

19. The Site's footer states "© 2016 Sweetwater - All rights reserved." Further, the Site's footer directs users to Sweetwater's Terms of Use Agreement.

20. The Site's Terms of Use Agreement provides that "[t]he content, organization, graphics, design, compilation, magnetic translation, digital conversion and other matters related to the Site are protected under applicable copyrights, trademarks, and other proprietary (including but not limited to intellectual property) rights. The copying, redistribution, use or publication by you of any such matters or any part of the Site … is strictly prohibited." A true and accurate copy of the Site's Terms of Use Agreement is attached as Exhibit "**C**" and incorporated by reference.

21. The content on the Site is the original effort of Sweetwater and is the product of its skill, judgment, and labor (the "Site Content").

22. The Site and Site Content include photographs and descriptions of various goods for sale and, also, include a compilation and application called "Avid Pro Tools +

Eleven Rack" which is a recording interface and multi-effects box for guitarists along with compilations describing other products sold on the Site.

23. Sweetwater deposited a fixed copy of the Site with the Registrar of Copyrights.

24. Sweetwater complied with all requirements of Federal Copyright laws with respect to the Site's and Site Content's fixation and publication.

25. On or about January 22, 2014, Sweetwater properly registered and deposited the fixed version of the Site with the United States Copyright Office by filing an application for registration.

26. The Copyright Office accepted Sweetwater's submission and issued Sweetwater a receipt. A true and accurate copy of the receipt is attached as Exhibit "**D**" and incorporated by reference.

27. Sweetwater's copyright for the Site was registered with the Copyright Office on November 18, 2014. A true and accurate copy of the registration is attached as Exhibit "**E**" and incorporated by reference.

28. The Site is viewed by hundreds of thousands of people per day. Members of the general public can access the Site. No membership is required to access the Site. Hello Music and its agents and independent contractors had access to, and did access the Site.

**Hello Music's Unlawful Activities**

29. On or about March 24, 2014, Sweetwater learned that Hello Music copied content from the Site, developed a website using the Site Content, and published the Site

Content on its own website. A true and accurate copy of a portion of the infringing website is attached as Exhibit "**F**" and incorporated by reference.

30. Sweetwater learned about the infringing website from one of its customers and has since identified several website ages that infringe upon Sweetwater's rights ("Infringing Content").

31. The Infringing Content is identical to the Site Content and, in fact, the Infringing Content even contains the Marks.

32. According to its website, Hello Music "is a daily deals platform for musicians." Hello Music feature[s] music gear and services everyday, and "items are featured for as little as 24 hours. Some deals might last a bit longer, but when our deals are gone, they're gone!"

33. Hello Music featured the Infringing Content on its website. The amount of time for which the Infringing Content remains on the website varies on each occasion, but Hello Music published the Infringing Content on at least that one occasion. Hello Music may have also published the Infringing Content on other occasions without Sweetwater's consent or knowledge, and Hello Music may have published other infringing content and/or used the Marks on other occasions without Sweetwater's consent or knowledge.

34. Shortly after learning of Hello Music's conduct, Sweetwater notified Hello Music of its infringing activity. Hello Music removed at least some of the Infringing Content in response to that letter. However, Hello Music has, as recently as February 16, 2016, posted additional Infringing Content on its website.

35. Each time Hello Music posted any infringing content constitutes a separate infringement under the Copyright Act.

36. Each time Hello Music used the Marks constitutes a separate act of trademark infringement.

37. Hello Music's use of the Marks on its website is likely to cause confusion, mistake, or deception by purchasers as to the source of its goods. Purchasers are likely to purchase goods from Hello Music believing Sweetwater is affiliated with those goods, thereby resulting in loss of sales by Sweetwater.

38. Sweetwater has no control over the price or quality of goods being offered by Hello Music or Hello Music's customer service. Because of the confusion as to the source caused by Hello Music, Sweetwater's valuable goodwill with respect to the Marks are at Hello Music's mercy.

39. Hello Music's use of the Marks on its website has caused and will cause confusion, mistake, and deception of customers as to the source of origin of its goods.

40. Hello Music's use of the Marks has resulted in dilution of Sweetwater's exclusive rights in connection with its Site and Site Content and has been to Sweetwater's detriment.

41. Hello Music's actions have been willful and deliberate. The use of the Marks on Hello Music's website is an obvious attempt to trade on Sweetwater's goodwill, which Sweetwater has acquired in association with its business, its trademark, and its customer service.

42. The goodwill of Sweetwater's business under the Marks is of enormous value, and Sweetwater will suffer irreparable harm if Hello Music is allowed to continue to use the Marks and Site Content, to the detriment of Sweetwater's reputation and goodwill.

43. Hello Music's actions will continue unless enjoined by this Court.

## COUNT I – COPYRIGHT INFRINGEMENT

44. Sweetwater re-alleges and incorporates paragraphs 1 through 43 of this Complaint as if fully set forth herein.

45. The Site contains works that are entitled to federal copyright protection, including but not limited to, the Site Content.

46. Sweetwater is the owner of the Site and Site Content and filed for a valid copyright for the Site and Site Content.

47. Sweetwater has a copyright registration for the Site issued by the United States Copyright Office on November 18, 2014.

48. Sweetwater is the author of the Site's content, organization, graphics, design, and compilation.

49. Sweetwater's filing for a Certificate of Registration for the Site and Site Content constitutes prima facie evidence of the validity of Sweetwater's copyright, under the facts stated in the application.

50. Without Sweetwater's permission, Hello Music copied constituent elements of Sweetwater's Site that are original and used those elements to produce the Infringing Content.

51. The Infringing Content is substantially similar to the original, copyrighted work of Sweetwater (i.e. the Site and Site Content).

52. Hello Music's access to Sweetwater's Site can be inferred because the Infringing Content is identical to the Site Content.

53. Hello Music's acts and/or omissions constitute infringement of Sweetwater's copyright for the Site and Site Content.

54. Hello Music has violated Sweetwater's exclusive rights as the copyright owner of the Site Content by reproducing and publishing the copyright work without Sweetwater's consent.

55. Hello Music's deliberate copying of the Site Content and infringement upon Sweetwater's copyright is willful.

56. Sweetwater has been, and will continue to be, irreparably harmed, damaged, and injured as a result of Hello Music's infringements and threatened infringements of Sweetwater's copyrights.

57. Hello Music has unlawfully and wrongfully derived, and will continue to derive, income and profits from its infringing acts.

58. Since the date of first publication, Sweetwater has complied with all pertinent provisions of the federal Copyright Act and all other laws governing copyrights with respect to the Site and Site Content.

59. As a direct result of Hello Music's infringement, Sweetwater suffered damages in an amount to be determined at trial.

60. Sweetwater is entitled to, among other relief, an injunction and an award of actual damages; Hello Music's profits; enhanced damages; reasonable attorneys' fees and the costs of this action under the Copyright Act, together with prejudgment and post-judgment interest.

**COUNT II – TRADEMARK INFRINGEMENT**
**(FALSE DESIGNATION OF ORIGIN)**

61. Sweetwater re-alleges and incorporates paragraphs 1 through 60 of this Complaint as if fully set forth herein.

62. Hello Music's use of the Marks constitutes a false designation of origin. That false designation is likely to deceive and has deceived Sweetwater's customers and prospective customers into believing Hello Music and the musical instruments and professional audio equipment Hello Music offers on its website are affiliated with Sweetwater. As a consequence, Hello Music's actions are likely to divert and have diverted customers away from Sweetwater.

63. Hello Music's use of the Marks is likely to cause confusion and deception in the marketplace and divert potential sales of Sweetwater to Hello Music.

64. Sweetwater has no control over the nature and quality of Hello Music's customer service or the nature and quality of the equipment being offered by Hello Music.

65. Any failure, neglect, or default by Hello Music in providing excellent customer service or quality equipment will reflect adversely on Sweetwater as the believed source of origin of the service and equipment.

66. This hampers Sweetwater's efforts to continue to protect its outstanding reputation for high quality goods, at a reasonable price, and with excellent customer service.

67. That adverse reflection has resulted, and will result, in the loss of sales by Sweetwater and has or will negate the considerable expenditures by Sweetwater to promote its goods under the Marks - all to the detriment of Sweetwater.

68. As direct result of Hello Music's infringement, Sweetwater suffered damages in an amount to be determined at trial.

69. Hello Music's false designation of origin will continue unless enjoined by this Court.

70. Sweetwater is entitled to, among other relief, an order declaring that Hello Music's actions infringe the Marks; an injunction and an award of actual damages; Hello Music's profits; enhanced damages; reasonable attorneys' fees and the costs of this action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117; together with prejudgment and post-judgment interest.

**COUNT III – TRADEMARK DILUTION**

71. Sweetwater re-alleges and incorporates paragraphs 1 through 70 of this Complaint as if fully set forth herein.

72. Hello Music's use and advertisement of its products under the Marks have or are likely to injure Sweetwater's business reputation, and have or are likely to dilute the distinctive quality of Sweetwater's name, product, and customer service in violation of both Indiana law and Federal statutes.

73. Sweetwater has been, and will continue to be, irreparably harmed, damaged, and injured as a result of Hello Music's infringements and threatened infringements of Sweetwater's trademark rights.

74. Hello Music has unlawfully and wrongfully derived, and will continue to derive, income and profits from its infringing acts.

75. As direct result of Hello Music's infringement, Sweetwater suffered damage in an amount to be determined at trial.

76. Sweetwater is entitled to, among other relief, an order declaring that Hello Music's actions infringe the Marks; and an award of actual damages; Hello Music's profits; enhanced damages; reasonable attorneys' fees and the costs of this action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT IV – UNFAIR COMPETITION

77. Sweetwater re-alleges and incorporates paragraphs 1 through 76 of this Complaint as if fully set forth herein.

78. Hello Music, by its unauthorized appropriation and use of Sweetwater's original Site Content and the Marks, has engaged and is continuing to engage, in acts of wrongful deception of the purchasing public, wrongful designation as to the source and sponsorship of material, wrongful deprivation of Sweetwater's good name and reputation, and the wrongful deprivation of Sweetwater's right to public recognition and credit as author of the Site and Site Content and owner of the Marks.

79. Sweetwater's action concerning Hello Music's unfair competition, deceptive advertising, and unfair trade practices is related to Sweetwater's copyright infringement and trademark infringement actions, since all actions are based on the same operative facts.

80. Hello Music has published the Infringing Content, which contains Sweetwater's Site Content and trademark, resulting in consumer confusion as to the source of the content. Such conduct constitutes an unfair trade practice and unfair competition under the Lanham Act and under Indiana law.

81. Hello Music deliberately copied the Site Content, and its actions were malicious and willful. Further, Hello Music published the Infringing Content with the intent to confuse or deceive the public and Sweetwater's customers. Hello Music has been unjustly enriched as a result of its actions.

82. As a direct result of Hello Music's unfair competition and unfair trade practices against Sweetwater, Sweetwater suffered damages in an amount to be determined at trial.

83. Sweetwater is entitled to, among other relief, an injunction and an award of actual damages; Hello Music's profits; enhanced damages; reasonable attorneys' fees and the costs of action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117; together with prejudgment and post-judgment interest.

**WHEREFORE**, Sweetwater requests judgment against Hello Music as follows:

1. Ordering that Hello Music has infringed upon Sweetwater's copyright and the Marks and has violated the Copyright Act of 1976, 17 U.S.C. §

101, *et seq.*; Section 32 of the Lanham Act (15 U.S.C. § 1114); Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); and Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

2. Granting an injunction preliminarily and permanently enjoining Hello Music, its members, employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all of those in active concert and participation with any of the foregoing persons or entities who receive actual notice of the Court's order by personal service or otherwise from further infringing upon Sweetwater's trademark and/or copyright in any manner.

3. Granting such other and further relief as the Court may deem proper to prevent the public from deriving the false impression that any goods or services sold, distributed, licensed, marketed, advertised, promoted or otherwise offered or circulated by Hello Music are in any way approved, endorsed, licensed, sponsored, authorized or franchised by or associated, affiliated or otherwise connected with Sweetwater.

4. Directing Hello Music to immediately cease all display, distribution, marketing, advertising, promotion, sale, offer for sale and/or use of any and all website layouts, packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, item descriptions, and other materials that feature or bear any designation, copyright, or trademark owned by Sweetwater.

5. Directing that Hello Music recall and deliver up for destruction all website layouts, goods, packaging, containers, advertisements, promotions, signs, displays and related materials incorporating or bearing any mark that is a counterfeit, copy, confusingly similar variation or colorable imitation of the Marks.

6. Directing that Hello Music take any and all corrective action necessary to abate any likelihood of confusion between its website and the Site and Site Content owned by Sweetwater.

7. Awarding Sweetwater its actual damages and an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(b)).

8. Directing that Hello Music account to and pay over to Sweetwater all profits realized by Hello Music's wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)) and/or the Copyright Act of 1976, enhanced as appropriate to compensate Sweetwater for the damages caused thereby.

9. Awarding Sweetwater punitive and exemplary damages as the court finds appropriate to deter any future willful infringement.

10. Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Sweetwater its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

11. Awarding Sweetwater its costs and reasonable attorneys' fees under 17 U.S.C. §§ 412, 505.

12. Awarding Sweetwater interest, including prejudgment and post-judgment interest, on the foregoing sums.

13. Awarding such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Sweetwater, by counsel, pursuant to Federal Rule of Civil Procedure 38(b), hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

CARSON BOXBERGER LLP

*/s/J. Blake Hike*
J. Blake Hike #28601-02
Jacque R. Wilson #22579-49
Eric M. Blume #29836-02

301 W. Jefferson Blvd., Suite 200
Fort Wayne, Indiana 46802
Phone: (260) 423-9411
hike@carsonboxberger.com
wilson@carsonboxberger.com
blume@carsonboxberger.com