# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| **SWEETWATER SOUND, INC.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 1:16-cv-00093-TLS-SLC |
| ) | |
| **HELLO MUSIC, LLC,** *a Texas limited* ) | |
| *liability company*, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court is a revised, proposed stipulated protective order, filed jointly by the parties, which the Court deems to be a motion for a protective order pursuant to Federal Rule of Civil Procedure 26(c). (DE 27). Because the proposed order is still inadequate in two respects, the parties' motion will be DENIED.

Rule 26(c) allows the Court to enter a protective order for good cause shown. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999). A protective order, however, must only extend to "properly demarcated categor[ies] of legitimately confidential information." *Id.*; *see MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook, Inc. v. Boston Sci. Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001) (same).

Here, the proposed order still fails to set forth narrow, demarcated categories of legitimately confidential information. Instead, "Confidential Information" is defined as "all information or material produced to or disclosed to a receiving party . . . that contains confidential and/or proprietary information not otherwise known or available to the public by

lawful means."[1] (DE 27 ¶ 2). First, the terms "confidential" and "proprietary" are not adequately demarcated categories. Second, the term "'[n]on-public' is too vague. If it means only that the information is not available to the general public, then it is insufficient because the information must be kept secret from and not be readily ascertainable by potential competitors." *Cook*, 206 F.R.D. at 247. And third, incorporating the term "contains" into the definition of "Confidential Information" further contributes to the definition being overly broad. The Seventh Circuit Court of Appeals has repeatedly held that overly broad protective orders are invalid.[2] *See, e.g., Cincinnati Ins. Co.*, 178 F.3d at 945 (noting that a broad protective order granting carte blanche discretion to a party is invalid).

As this Court has previously explained (DE 25), "[i]f the parties seek non-trade secret protection for any . . . information, they must present reasons for protection and criteria for designation other than simply that the information is not otherwise publicly available." *Cook, Inc.*, 206 F.R.D. at 249. "They must describe a category or categories of information and show that substantial privacy interests outweigh the presumption of public access to discovery material." *Id.* For material to be protected, it "must give the holder an economic *advantage* and threaten a *competitive* injury—business information whose release harms the holder only

---

[1] The parties further articulate what "Confidential Information" "concerns" and then provide several "[e]xamples" of "Confidential Information" (DE ¶ 2), but their discussion fails to cure the problem. First, the additional information offered does not restrict the initial overly-broad definition, and second, the terms used therein ("business operations," "marketing information," "personal, private, or confidential information," "non-public information," and "other information") are not narrow, demarcated categories.

[2] "[T]he same scrutiny is not required for protective orders made only for discovery as for those that permit sealed filings." *Containment Techs. Grp., Inc. v. Am. Soc'y of Health Sys. Pharmacists*, No. 1:07-cv-997-DFH-TAB, 2008 WL 4545310, at *3 (S.D. Ind. Oct. 10, 2008); *see also Baxter Int'l, Inc. v. Abbot Labs.*, 297 F.3d 544, 545 (7th Cir. 2002) ("Secrecy is fine at the discovery stage, before the material enters the judicial record. But those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." (citations omitted)). Because the proposed order in this case contemplates sealed filings, it requires a higher level of scrutiny.

because the information is embarrassing or reveals weaknesses does not qualify for trade secret protection." *Id.* at 248. Accordingly, "merely asserting that a disclosure of the information 'could' harm a litigant's competitive position is insufficient; the motion must explain how." *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. Mar. 28, 2003) (citing *Baxter Int'l, Inc.*, 297 F.3d at 547).

Additionally, as explained in this Court's prior Order (DE 25), the Seventh Circuit has made it clear that a protective order must be "explicit that either party and any interested member of the public can challenge the secreting of particular documents." *Cincinnati Ins. Co.*, 178 F.3d at 946. The proposed order still does not contain this language.

For the foregoing reasons, the Court DENIES the parties' motion for entry of the revised, proposed stipulated protective order (DE 27). The parties may submit another proposed protective order consistent with the requirements of Rule 26(c) and Seventh Circuit case law.

SO ORDERED.

Entered this 2nd day of August 2016.

/s/ Susan Collins
Susan Collins,
United States Magistrate Judge
